IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED ACCESS TECHNOLOGIES, LLC,** § § § | |
| Plaintiff, § § | CIVIL ACTION NO. 1:11-cv-00341-LPS |
| v. § § | |
| **FRONTIER COMMUNICATIONS CORP.,** § § § | |
| Defendant. § | |

### [PROPOSED] PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties agree to the entry of this Protective Order ("Order") to facilitate and expedite discovery in this action.

IT IS ORDERED THAT:

1. This Order shall govern all productions or disclosures made during the above-captioned action ("Action") whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in the Action or any third party (the "Producing Party") to any other party (the "Receiving Party"), when so designated in accordance with the procedures set forth herein.

2. **Material.** "Material" is defined as any document, thing, or information.

3. **Confidential Material.** A party or nonparty may designate as CONFIDENTIAL, in whole or in part, any non-public Material which the party has a good faith belief constitutes or contains trade secret or other confidential or proprietary business, technical, research, development, sales, marketing, financial, or other commercial information and which is to be disclosed or produced to a party, expert or witness in the Action.

4.      **Highly Confidential Material.**  A party or nonparty may designate as HIGHLY CONFIDENTIAL, in whole or in part, any Material which the party has a good faith belief constitutes or contains highly confidential, commercially sensitive, or trade secret information and which is to be disclosed or produced to a party, expert or witness in the Action.  Information concerning the following representative topics is highly confidential:

- a) product, system or service sales, revenues, gross margins or costs, or other sensitive financial information, and plans or forecasts that relate to this information;
- b) pending or abandoned patent applications that are not publicly available;
- c) future products, future product or marketing plans, or future business strategies;
- d) highly sensitive technical information related to the design or operation of any party's products, systems or services;
- e) market and competitive analyses;
- f) access control or encryption algorithms or codes; and
- g) customer information.

The foregoing enumeration of topics does not preclude any party from designating Material as HIGHLY CONFIDENTIAL which does not fall within the enumerated representative topics.  The enumeration of these topics shall not be construed as suggesting or implying that such information is discoverable in the Action and shall not preclude or limit any party from properly objecting to discovery of these topics for any reason.

5.      **Designation.**  The designation of Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a

conspicuous manner with the appropriate legend.  If it is not practical to so mark the Material itself, a container for or a tag attached to the Material shall be so marked.  The marking shall state either: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or other similar legend.  The designation or non-designation of any such material under this Protective Order shall not be admissible as evidence in this Action for any purpose, except as provided herein.

6. **Temporary Designation.**  In lieu of marking the original of Material prior to inspection, the Producing Party or its counsel may orally designate any Material being produced for inspection by counsel for a party as CONFIDENTIAL or HIGHLY CONFIDENTIAL, thereby making it, and the information it contains, temporarily subject to this Order.  However, each copy of such Material subsequently delivered to inspecting counsel must be marked CONFIDENTIAL or HIGHLY CONFIDENTIAL as required by this Order at the time it is so delivered in order to make the Material and copies of the Material subject to this Order.  A Producing Party is not precluded by this Order from disclosing or using the Material produced by that party in any manner as it may deem fit.

7. **Designation of Deposition Transcripts.**  With respect to depositions of any party, nonparty, or any person employed by, formerly employed by, or acting on behalf of a party to this Action, any party at the deposition may designate the deposition or portions thereof as CONFIDENTIAL or HIGHLY CONFIDENTIAL and request that the reporter insert a statement regarding the confidentiality of the information into the deposition transcript or may have until thirty (30) days (or the next business day in the event the thirtieth day is not a business day) after receipt of the deposition transcript to inform the other parties, in writing, that portions of the transcript are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.  If no such designation is made at the deposition, all deposition transcripts shall be deemed temporarily

subject to this Order as if marked HIGHLY CONFIDENTIAL during these thirty (30) days from such delivery. No such deposition transcript shall be disclosed to any person other than the persons described in paragraphs 9 or 10 below consistent with the provisions therein, as the case may be, and the deponent (and the deponent's counsel in the case of a separately represented nonparty), and no person attending such a deposition shall disclose the contents of the deposition to any person other than those described in paragraphs 9 or 10 consistent with the provisions therein, as the case may be. Upon being informed that certain portions of a deposition are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, each party shall cause each copy of the transcript in its possession, custody or control to be so marked, to the extent not already marked by the reporter.

8. **Limits on Use and Disclosure of Designated Materials.** Except upon consent of the designating party or upon order of the Court, all CONFIDENTIAL or HIGHLY CONFIDENTIAL Material produced in this Action shall not be used by any Receiving Party or disclosed to anyone for any purpose other than in connection with this Action and any appeals. Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be disclosed by the Receiving Party to anyone other than those persons designated in paragraphs 9 or 10 below consistent with the provisions therein, as the case may be, unless and until the restrictions herein are removed by order of the Court or by the Producing Party. Nothing in this Order shall bar or otherwise restrict a Producing Party from having access to or using, without notification of any other party or nonparty, Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL that the Producing Party has produced in this action.

9. **Access to Confidential Material.** Access to Material designated as CONFIDENTIAL under this Order and to any portion of any transcript, brief, affidavit, letter,

memorandum or other Material that contains, refers to, or reveals Material so designated shall be limited to:

- a) in-house and outside counsel of record for the parties, including their partners, counsel, and associates who assist them in this matter;
- b) the clerical employees of such counsel of record (including secretaries, paralegals, and clerks) and litigation support service personnel who are actually assisting such counsel in the preparation of this case;
- c) parties and employees, officers and directors of the parties who need access to the Material designated CONFIDENTIAL to assist outside counsel in the litigation, as well as the secretarial and clerical personnel who work regularly with such persons;
- d) non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case who have agreed to be bound by the terms of this Order by signing a copy of an Undertaking in the form attached as Exhibit A;
- e) any bona fide potential or actual witness explicitly named in the CONFIDENTIAL Material as an author or recipient (and any counsel of any such witness);
- f) court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions;
- g) the Court and any court of appellate jurisdiction;
- h) Court personnel involved with this case;
- i) members of the jury in this case;

    j)    employees of independent third party vendors to assist in (i) imaging, coding, copying, or other management of documents produced in discovery in this Action; (ii) the preparation of exhibits, visual aids, or technical tutorials for presentation at a deposition, hearing or trial; (iii) or otherwise assisting in the preparation of discovery or trial materials to be used in this litigation;

    k)    any other persons with the prior written consent of the Producing Party; and

    l)    any other persons with the prior authorization of the Court.

10.  **Access to Highly Confidential Material.**  Access to Material designated as HIGHLY CONFIDENTIAL and to any portion of any transcript, brief, affidavit, letter, memorandum or other Material that contains, refers to, or reveals Material so designated, shall be limited to the following:

    a)    outside counsel of record for the parties, including their partners, counsel, and associates who assist them in this matter;

    b)    the clerical employees of such outside counsel (including secretaries, paralegals, and clerks) and litigation support service personnel who are actually assisting such counsel in the preparation of this case;

    c)    in-house counsel, litigation support, and/or paralegal employees of the parties directly involved in the prosecution or defense of this litigation, who have agreed to be bound by the terms of this Order and have signed a fully completed Undertaking in the form attached as Exhibit A, which shall be retained during the litigation by their outside counsel and shall not be discoverable during the litigation by other parties absent a showing of cause, but, upon request, shall be delivered to counsel producing the Material upon conclusion of the litigation. No

        disclosure of Material designated HIGHLY CONFIDENTIAL shall be made to other employees who are not otherwise authorized to receive such HIGHLY CONFIDENTIAL Material under this Order, except that the parties may provide summaries of HIGHLY CONFIDENTIAL Material to individuals in management who are responsible for litigation strategy for this Action for the sole and exclusive purpose of evaluating litigation strategy for this Action, provided that such individuals have agreed to be bound by the terms of this Order and have signed a fully completed Undertaking in the form attached as Exhibit A, which shall be retained during the litigation by their outside counsel and shall not be discoverable during the litigation by other parties absent a showing of cause, but, upon request, shall be delivered to counsel producing the Material upon conclusion of the litigation;

d)    non-party experts or consultants, including their secretarial and clerical personnel retained, to assist counsel of record in this case who have agreed to be bound by the terms of this Order by signing a completed consent form in the form attached as Exhibit A;

e)    any bona fide potential or actual witness explicitly named in the HIGHLY CONFIDENTIAL Material as an author, addressee or recipient (and any counsel of any such witness);

f)    court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions;

g)    the Court and any court of appellate jurisdiction;

h)    Court personnel involved with this case;

7

      i)       members of the jury in this case;

      j)       employees of independent third party vendors to assist in (i) imaging, coding, copying, or other management of documents produced in discovery in this Action; (ii) the preparation of exhibits, visual aids, or technical tutorials for presentation at a deposition, hearing or trial; (iii) or otherwise assisting in the preparation of discovery or trial materials to be used in this litigation;

      k)       any other persons with the prior written consent of the Producing Party; and

      l)       any other persons with the prior authorization of the Court;

      11.     **Disclosure to Non-Party Experts and Consultants.** A party desiring to disclose documents or other Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to non-party experts or consultants shall first obtain from each expert or consultant a completed consent form in the form attached as Exhibit A. Each non-party consultant or expert to whom a party proposes to give access to HIGHLY CONFIDENTIAL Material designated pursuant to this Protective Order by a Producing Party shall be identified by notice in writing to counsel of said Producing Party and other counsel of record at least ten (10) days before being given such access. Such notice in writing shall include for the non-party consultant or expert to whom disclosure is proposed, a completed consent form as attached hereto as Exhibit A and a current resume or curriculum vitae, which shall disclose any non-confidential employment and/or consultations the expert has had in the preceding four years. To the extent that there is a confidential employment or consultation arrangement, the proposing party shall disclose, to the extent possible without violating any confidentiality obligations, (i) the industry in which the relationship(s) took place, (ii) the general technology involved (iii) the dates of the relationship(s), (iv) a statement of whether the relationship(s) was with a competitor of

Defendant, and (v) any non-confidential information available about the relationship(s) that would describe or tend to describe the circumstances of the relationship(s).  If any of the information in (i) through (v) above cannot be disclosed because of confidentiality obligations, the proposing party must identify which category or categories of information is or are not being disclosed.  A party proposing such non-party consultant or expert shall respond within three (3) days to any reasonable request for additional information regarding the employment or consulting relationships or other professional activities of the proposed non-party consultant or expert.  Should the Producing Party object within such ten (10) day period to the disclosure of its HIGHLY CONFIDENTIAL Material to the proposed non-party consultant or expert, no such HIGHLY CONFIDENTIAL Material shall be disclosed to the proposed non-party consultant or expert until the objection has been resolved by the parties or the Court, and the burden shall be on the party objecting to the disclosure to prove the grounds for such objection.  Any request for additional information—and the corresponding three-day response time—shall not affect or alter the ten-day period for the Producing Party to provide its objections, if any.

If the Producing Party does not object within such ten (10) day period, such non-party consultant or expert shall be permitted such access.  In the event the Producing Party makes a timely objection, it must also seek relief from the Court within twenty (20) days from the date of notice of its objection (or within such time as agreed by the parties).  Should such a motion be filed, proposing counsel shall not disclose material designated under this Order to such proposed person until the resolution of the motion.  Failure of the objecting party to file such a motion shall be deemed a waiver of any objection to the disclosure of information to the proposed person, subject to the terms of this Order.

12. **Use of Designated Materials at Depositions.**  Except as otherwise approved by the Producing Party or by an order of this Court, a Receiving Party may use Confidential or Highly Confidential Material in deposing only (a) an individual who has had or who is eligible to have access to the Confidential or Highly Confidential Material by virtue of his or her employment with the Producing Party; (b) an individual identified in the Confidential or Highly Confidential Material as an author, addressee, or recipient of such Confidential or Highly Confidential Material; (c) a third-party expert or consultant duly qualified under paragraph 11 (who shall first have signed a completed consent form in the form attached as Exhibit A).

13. **Persons Permitted in Depositions.**  If during the course of a deposition taken in the Action any questions are to be asked or any answers are to be given containing confidential information or regarding any Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, then only persons designated in paragraphs 9 or 10 above, as the case may be, the deponent (and the deponent's counsel, including their staff and associates, in the case of a separately represented nonparty), and the reporter and/or videographer shall be allowed to be present during such portion of the deposition.  It shall be the obligation of the Producing Party of the Material to invoke this provision.  This paragraph shall not be deemed to authorize disclosure of any confidential Material to any person to whom disclosure is prohibited under this Order.

14. **Challenges to Designations and Resolution of Disputes.**  Nothing in this Order shall be construed to prevent any party to this Action from opposing the designation of specific Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Any party may object to the designation (or redesignation) of specific Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by serving a written objection, including a statement of the grounds for the objection, upon the Producing Party's counsel.  The Producing Party or its counsel shall

thereafter, within ten (10) calendar days following receipt of the objection, respond (by electronic means, hand delivery, courier or facsimile transmission) to such objection in writing by either: (i) agreeing to remove or modify the designation or (ii) stating the reasons why the designation was made. If the objecting party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the Material(s) in issue; or if the producing party does not respond within ten (10) calendar days, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation.  That obligation to move the Court to remove or modify a designation shall not affect the allocation of the burden of proof on the issue, which will remain with the Producing Party.  The Material(s) in issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise. Failure of any party to challenge a claim of confidentiality of any Material shall not constitute a waiver of the right to assert at any subsequent time that the Material is not confidential or that the designation is not appropriate for any reason.

15. **Maintenance of Designated Materials.** Each recipient of Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall maintain such Material in a secure, safe area and shall exercise, at minimum, the same standard of care with respect to the storage, custody, use and dissemination of such Material as is exercised by the Receiving Party with respect to its own confidential Material.

16. **Pleadings Containing Designated Materials.** Any pleading, brief, exhibit or other paper that is filed with the Court or served on another party that contains, quotes, discusses or otherwise reveals Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be marked on the front cover with the appropriate legend set forth in paragraphs 3 or 4.  All CONFIDENTIAL or HIGHLY CONFIDENTIAL  Materials that are filed with the Court for any

purpose shall be filed under seal. Marked on the outside of the sealed envelope shall be the title of the Action, an identification of the Material within, and a statement substantially in the following form:

> "CONTAINS CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF [DATE]. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT OR BY STIPULATION OF THE PARTIES SUBJECT TO THE APPROVAL OF THE COURT."

Any party seeking to file any CONFIDENTIAL or HIGHLY CONFIDENTIAL Materials under seal shall file and serve a redacted version of all documents lodged with the Court for filing under seal. The redacted version shall block out or otherwise omit only the confidential information contained in the proposed filing. Nothing in this Order, however, shall be deemed to prevent either side from introducing any documents or Materials marked CONFIDENTIAL or HIGHLY CONFIDENTIAL into evidence at the trial of the matter, or from using any information contained in CONFIDENTIAL or HIGHLY CONFIDENTIAL Materials at the trial of this matter.

17. **No Waiver of Confidentiality.** Production of Material by a party is not deemed to be a publication of the discovery Material produced as to void or make voidable whatever claim that party may have as to the confidential nature of the Materials.

18. **Inadvertent Disclosure of Confidential or Highly Confidential Material.** Production of any Material without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the Producing Party from designating such Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL. All Materials so redesignated shall be fully subject to this Order as if they had been initially designated at the redesignated level. Following any redesignation of Material,

the Receiving Party shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all copies and excerpts of any redesignated material from persons not entitled to receive it. The Receiving Party shall not be liable for any harm caused by any disclosures resulting from the Producing Party's inadvertent disclosure or failure to designate Materials in accordance with this Order.

19. **Disclosure of Designated Material.** If CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is disclosed to any person other than in the manner authorized in this Order, the party responsible for the disclosure will immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure and shall make every effort to recover the Material and all copies of the Material disclosed without authorization and to prevent disclosure by each unauthorized person who received such Materials.

20. **Preparation and Prosecution of Patent Applications.**

[**Plaintiff's proposal.** Any individual attorney, patent agent, paralegal, or clerical support staff for or representing Plaintiff or Defendant, whether in-house or outside counsel, who actually receives "HIGHLY CONFIDENTIAL Subject to Prosecution Bar" Material shall not provide input to, or participate in the drafting, amending, or prosecution of patent applications (including provisional, divisional, continuations, continuations in part, re-issues, and foreign counterparts) related to ADSL (asymmetrical digital subscriber line) from the time of receipt of such "HIGHLY CONFIDENTIAL Subject to Prosecution Bar" Material until one (1) year following completion of this case. The restrictions of the foregoing sentence explicitly do not apply to reexamination, supplemental examination, and/or review proceedings related to the patents-in-suit and attorneys, patent agents, paralegals, or clerical support staff for or representing Plaintiff or Defendant, whether in-house or outside counsel, with respect to

reexamination, supplemental examination, and/or review proceedings related to the patents-in-suit.  For purposes of this paragraph, "HIGHLY CONFIDENTIAL Subject to Prosecution Bar" Material shall mean and refer to Material that a party or non-party has designated as "HIGHLY CONFIDENTIAL" with the additional designation "Subject To Prosecution Bar," where such Material sets forth technical details of its technology that are of the type that can be included in a patent application and form the basis or part of the basis for a claim or claims thereof, which the Producing Party believes in good faith to constitute confidential or trade secret information and the disclosure of which would create a substantial risk of injury to the Producing Party.]

[**Defendant's proposal.**  Any individual attorney, patent agent, paralegal, or clerical support staff for or representing Plaintiff, whether in-house or outside counsel, who actually receives, either directly or indirectly, "HIGHLY CONFIDENTIAL" Material shall not provide input to, or participate in the drafting, amending, or prosecution of patent applications (including provisional, divisional, continuations, continuations in part, re-issues, and foreign counterparts) related to ADSL (asymmetrical digital subscriber line) from the time of receipt of such Material until one (1) year following completion of this case.  The restrictions of the foregoing sentence explicitly do not apply to attorneys, patent agents, paralegals, or clerical support staff for or representing Defendant, whether in-house or outside counsel.]

21. **Inadvertent Disclosure of Confidential or Highly Confidential Materials.**  The inadvertent production of any Material during discovery in this Action shall be without prejudice to any claim that such Material is privileged under the attorney-client or other privilege, or protected from disclosure as work product, or that such document is irrelevant to any claims raised in this Action, and no person shall be held to have waived any rights by such inadvertent production.

22.     **Inadvertent Disclosure of Work Product or Privileged Material.**  In the event that Material is produced inadvertently that is considered by the Producing Party to be privileged in whole or in part, such Material may be retrieved by the Producing Party by giving written notice to all parties within fifteen (15) business days of the date of discovery of the inadvertent production that the Producing Party claims the Material, in whole or in part, to be privileged. Such notice must state the nature of the privilege being asserted.  Upon receipt of the notice provided for by this paragraph, all parties that have received a copy of such Material shall immediately return it to the Producing Party and destroy any copies or notes thereof.  In the event that only part of the Material is claimed to be privileged, the Producing Party shall furnish redacted copies of such Material, removing only the part(s) thereof claimed to be privileged, to all parties, together with such written notice.  Upon receipt of the redacted copy, each party shall promptly return the unredacted copy to the Producing Party and destroy any copies or notes thereof.

Should the parties or other persons be unable to agree because of a good-faith argument about the applicability of any privilege or protection, the party or witness opposing the privilege or protection may move the Court for an order compelling the production of the Material asserted to be privileged.  The party or witness asserting the privilege or protection has the burden of establishing the existence of the privilege if such dispute is submitted to the Court for resolution.

23.     **Other Proceedings.** By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another Court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information

designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this order, shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

24.     **Duty to Return or Destroy Designated Materials.**  Unless otherwise ordered or agreed in writing by the Producing Party, within ninety days (90) after the final termination of this Action as to a Producing Party, each Receiving Party must, at the option of the Producing Party, either destroy or return to the Producing Party all Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  As used in this subdivision, "all Protected Documents" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Documents.  The Receiving Party must submit a written certification to the Producing Party by the ninety-day deadline confirming that all Protected Documents was destroyed (or handled as otherwise agreed) and affirming that the Receiving Party, except as permitted below, has not retained any copies, abstracts, compilations, summaries or other form of reproducing or capturing any of the Protected Documents.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, deposition exhibits, discovery responses, legal memoranda, correspondence or attorney work product, even if such materials contains Protected Documents.  Any such archival copies that contain or constitute Protected Documents remain subject to this Order.

25.     **Privileged or Protected Materials.**  Nothing in this Order shall be construed as requiring disclosure of privileged Materials, Materials subject to protection under the attorney work product doctrine, or Materials which are otherwise beyond the scope of permissible

discovery. Nothing herein shall impair any party's right to challenge, by motion or otherwise, a Producing Party's assertion of a privilege with respect to any discovery Material.

26. **Modification.** Nothing in this Order shall be construed to prevent a party or nonparty from seeking such further provisions regarding confidentiality as may be appropriate, moving the Court for relief pursuant to paragraph 14, or, separately, moving the Court for modification of any of the terms of this Order on a going-forward basis.

27. **No Waiver of Admissibility.** Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary Materials.

28. **Limitations of Order.** The designation of Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order shall not restrict the use of information, documents or knowledge:

   a) in the public domain or becomes part of the public domain by publication or by other means, except an unauthorized act or omission on the part of the receiving party;

   b) acquired by publicly available means;

   c) independently developed by the Receiving Party without use of or reliance on the Producing Party's CONFIDENTIAL or HIGHLY CONFIDENTIAL Material;

   d) acquired by the Receiving Party from an independent source who is under no restriction as to use or obligations as to confidences; and

   e) was, prior to disclosure by the Producing Party, rightfully in the possession or knowledge of the Receiving Party; or

  f)  is or becomes known to the receiving party without any breach of any protective order or other confidentiality obligation.

However, in case of a dispute regarding such independent or prior acquisition, development or possession, the person or entity seeking to use any such information, document or knowledge shall bear the burden of proof to show that one of events described in this subsection has come to pass.  Nothing in this Order shall supersede any preexisting agreement between the parties with respect to the confidentiality of Materials exchanged between the parties by means other than production in this Action.

  29.  This Order is binding upon the parties, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

  **29.**  **Continuing Jurisdiction.**  Unless otherwise ordered by this Court, the obligations imposed by this Order shall remain in effect until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has access to CONFIDENTIAL or HIGHLY CONFIDENTIAL Material pursuant to this Order, for the purpose of enforcing this Order.

  30.  **Headings.**  The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

SO ORDERED this the _____ day of _____, 2012.

                    _____
                     UNITED STATES DISTRICT JUDGE

## EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **UNITED ACCESS TECHNOLOGIES, LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § § | **CIVIL ACTION NO. 1:11-cv-00341-LPS** |
| **FRONTIER COMMUNICATIONS CORP.** | § § § | |
| Defendant. | § | |

## CONSENT TO BE BOUND BY PROTECTIVE ORDER

I hereby certify that I have read the Protective Order entered in the above-captioned action and understand my obligations under that Protective Order. I agree to be bound by its terms. I also agree that any information I receive pursuant to the Protective Order shall not be used other than as provided in the Protective Order and that such information and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to receive such information.

I agree that while any CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is in my possession, I will be personally responsible for preserving the confidentiality of such information in accordance with the terms of the Protective Order. I agree to use any such information solely in connection with my participation in this litigation and not to disclose the same to any third party.

I will return on request all CONFIDENTIAL or HIGHLY CONFIDENTIAL Materials, copies thereof and notes that I have prepared relating thereto, to outside counsel of record for the party with whom I am associated.

I understand and agree that if I am involved in any violation or breach of the Protective Order that I may be held personally responsible and liable. I have full knowledge and understanding of the fact that I may be subject to the sanction of contempt of the Court for violation of the Protective Order.

I hereby consent to be subject to the personal jurisdiction of the United States District Court for the District of Delaware for any proceedings relating to the enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

Dated: _____

_____
[Signature]

Name: _____

Affiliation: _____

Address: _____
_____

Phone: _____

Sworn to before me this \_\_\_\_ day of _____, 20\_\_.

_____
Notary Public