```
 1                     IN THE UNITED STATES DISTRICT COURT

 2                     IN AND FOR THE DISTRICT OF DELAWARE

 3                                    - - -
      UNITED ACCESS TECHNOLOGIES, INC.
 4                                           :      CIVIL ACTION
                     Plaintiff,              :
 5    v                                      :
                                             :
 6    FRONTIER COMMUNICATIONS CORPORATION, :
      et al.,                                :
 7                                           :      NO. 11-341-LPS
                     Defendants.
 8                                    - - -

 9                             Wilmington, Delaware
                               Thursday, May 31, 2012
10                             Telephone Conference

11                                    - - -

12    BEFORE:         HONORABLE LEONARD P. STARK, U.S.D.C.J.

13    APPEARANCES:                    - - -

14
                 STAMOULIS & WEINBLATT, LLC
15               BY:  RICHARD CHARLES WEINBLATT, ESQ.

16                    and

17               SHORE CHAN BRAGALONE DEPUMPO, LLP
                 BY:  DANIEL F. OLEJKO, ESQ.
18               And, JENNIFER M. RYNELL, ESQ.
                      (Dallas, Texas)
19
                              Counsel for Plaintiff
20

21               POTTER ANDERSON & CORROON, LLP
                 BY:  PHILIP A. ROVNER, ESQ.
22
                      and
23

24
                                             Brian P. Gaffigan
25                                           Registered Merit Reporter
```

```
 1    APPEARANCES:  (Continued)

 2
                   JONES DAY, LLP
 3                 BY:  OLIVIA E. MARBUTT, ESQ.
                       (Atlanta, Georgia)
 4
                   Counsel for Frontier Communications Corporation,
 5                 Company LLC, et al.

 6

 7                              - oOo -

 8                       P R O C E E D I N G S

 9                 (REPORTER'S NOTE:  The following telephone

10    conference was held in chambers, beginning at 10:21 a.m.)

11                 THE COURT:  Good morning, everybody.  This is

12    Judge Stark.  Who is there, please?

13                 MS. RYNELL:  Good morning, Judge Stark.  This

14    is Jennifer Rynell and Dan Olejko for United Access, the

15    plaintiff.

16                 THE COURT:  Okay.

17                 MS. RYNELL:  We also have Richard Weinblatt, our

18    local counsel, on the line as well.

19                 MR. WEINBLATT:  Good morning, your Honor.

20                 THE COURT:  Good morning.

21                 MR. ROVNER:  Your Honor, this is Phil Rovner

22    from Potter Anderson for the defendant.  And with me on the

23    line is Olivia Marbutt from Jones Day in Atlanta.

24                 THE COURT:  Okay.  Thank you.  Good morning.

25                 MS. MARBUTT:  Good morning.
```

1             THE COURT: I have a court reporter with me.
2  For the record, it is our case of United Access Technologies
3  LLC versus Frontier Communications Corp., Civil Action No.
4  11-341-LPS. I scheduled this call after reviewing the
5  proposed protective order and seeing that there was at least
6  one dispute -- I think only maybe one but wanted to get all
7  your input on that in order to help me make a decision.
8             So let me hear first from the plaintiff, please.
9             MS. RYNELL: Good morning, your Honor. Thank
10 you for having this call.
11            We, as you can see, have agreed on the
12 majority of the protective order with the prosecution bar
13 remaining as the only remaining issue. United Access
14 doesn't dispute having a prosecution bar, as you can see.
15 We simply want it to apply to both parties, and we would
16 like the reexaminations excluded from that bar.
17            Your Honor, our position on the exclusion of the
18 reexaminations is based on several Delaware cases. The 2009
19 case of *Kenexa v Taleo* in which Judge Robinson found that
20 the prosecution bar did not apply to reexaminations in part
21 because reexaminations involve only the patent and the prior
22 art and not confidential information which would be basically
23 irrelevant to that analysis. So any confidentiality concerns
24 that might be cited by the defendant would be mitigated.
25            In this case, your Honor, Frontier has not

1   provided us any rationale for why it would not agree to have
2   the reexaminations be excluded.  Sort of at the last minute
3   in our negotiation process, we thought we might be able to
4   reach agreement, and Frontier decided that it did not want
5   the bar to be mutual and also did not want reexaminations
6   excluded.  And, again, no rationale was provided for that.
7            There is another Delaware case with Judge Thynge
8   from 2010 where there was the same reasoning that was used
9   in the *Kenexa* case.  It was *Xerox v Google*.  Again, the
10  point was made since reexams can only start to narrow the
11  claims and not broaden them, defendants' confidential
12  information would not be relevant to that analysis and hence
13  should be excluded from the bar.
14           THE COURT:  All right.  And why make it apply to
15  both parties?
16           MS. RYNELL:  Your Honor, our view is that it
17  would be prejudicial to United Access for counsel to be
18  basically blocked from participating in reexaminations and
19  have defendants -- if the bar were not mutual, defendants
20  counsel would be free to participate.
21           The mutuality allows an even playing field
22  and, you know, we believe that the narrow bar that we have
23  proposed protects both parties and it should apply to both
24  parties.
25           THE COURT:  Okay.  Thank you.

1               Let me hear from Frontier then.

2               MS. MARBUTT:  Your Honor recalls there are
3       additional pending lawsuits that were filed by the
4       plaintiff, so we presented drafts of the protective order to
5       the other defendants in that suit and attempted to negotiate
6       a protective order that would satisfy everyone so we could
7       all do that just once.  So we're not digging heels in just
8       to dig our heels in but on behalf of everyone.  And,

9               As you know, the fundamental difference in the
10      proposal relates in our view primarily to the mutuality as a
11      prosecution bar.  Frontier believes it should not be mutual
12      because plaintiff is a non-practicing entity.  The patents
13      are expired.  As a result, the patents are relatively old,
14      their documents are going to be old, and ours will be new.

15              As they have drafted to try to narrow the bar,
16      we believe that that will primarily place the burden on
17      Frontier because it's going to be Frontier who will have
18      technical documents that would be primarily subject to the
19      bar and the definition, as it stands, would require us to
20      wade through that technical production and try to determine
21      which documents should be subject to the bar and which
22      wouldn't.

23              I have some concerns about the definition in
24      that schematics, for example, may not meet the definition.
25      That they could be the type that would be included in a

1    patent application.  But for folks who are involved in this
2    technology, they certainly could give them ideas about ways
3    to patent the system, and so as sit stands, those documents
4    wouldn't be marked under this definition but would still
5    give us concerns about revealing that information.
6              As it relates to the reexam, this is the lesser
7    of the two concerns for us.  We removed that provision only
8    because there was some concern about redrafting claims
9    during reexamination that may be able to cover Frontier's
10   systems based on what we've seen.
11             THE COURT:  Going back to the first issue, is
12   there something that could be done about the definition that
13   would make you comfortable with the bar applying to both
14   parties or does it really, from your perspective, need to be
15   one way regardless of the definition?
16             MS. MARBUTT:  I'm not sure that the definition is
17   fixable.  Even then, I'm worried there would be a tremendous
18   burden in having to go through technical documents and
19   determine which of them would meet a higher definition.
20             MS. RYNELL:  Your Honor, if I might respond.
21             THE COURT:  I'm going to give you a chance.  I
22   want to make sure that -- Ms. Marbutt for Frontier; correct?
23             MS. MARBUTT:  Yes.
24             THE COURT:  Was there anything else you wanted
25   to add?

1               MS. MARBUTT: No, sir.

2               THE COURT: All right. Go ahead, Ms. Rynell.

3               MS. RYNELL: Part of the reason we inserted the
4   different designation, said the highly confidential subject
5   to the prosecution bar, was specifically in response to
6   counsel for Frontier's concerns. That, for example, when
7   they were contemplating the mutual, for example, we would
8   designate our license agreements as highly confidential and
9   that would subject anyone on their side who reviewed them
10  to the prosecution bar. So that is why we proposed a more
11  narrow definition of what would subject someone to the bar.
12  That it only be technical information of a certain quality.

13              As counsel has acknowledged, yes, our patents
14  are expired, but, she has also acknowledged this is not an
15  emerging technology. That ADSL is a technology that is
16  mostly going to relate to the past, and the majority of
17  their documents, at least as we see it, are going to be
18  related to, you know, not technology on the forefront of
19  today.

20              Counsel's concerns are very speculative and it
21  is defendants' burden to show why they would want the
22  protections they're seeking.

23              THE COURT: Okay. Is there anything else from
24  Frontier?

25              MS. MARBUTT: This is an idea I had that may be

1  harebrained thus morning, but one possibility that I think
2  would address both parties concerns would be in essence to
3  merge the two provisions so that defendants' proposal would
4  bind the plaintiff so Frontier's information that was marked
5  highly confidential would subject United Access to the
6  prosecution bar.  That would remove the burden on Frontier
7  from having to distinguish in its technical documents what
8  would meet a higher definition and vice-versa as to United
9  Access's documents that are marked highly confidential
10 subject to the prosecution bar, because I think we both
11 agree that they will have fewer documents in that category
12 that would subject Frontier to the prosecution bar, if that
13 makes sense.
14             THE COURT:  Sounds intriguing.  What does United
15 think?
16             MS. RYNELL:  Your Honor, basically what they're
17 trying to do is have their cake and eat it, too.  They're
18 trying to have their designation apply and also so they
19 don't have to do the difficult work of deciding what would
20 subject us to the bar while limiting, taking advantage of
21 the fact that we agreed to limit what we would designate and
22 what would subject their folks to the bar.
23             It seems -- you know, it's the first time I
24 heard this proposal, your Honor.  We would have to consider
25 it further.  But I believe it's a little bit of, in my mind,

1    what is good for the goose should be good for the gander.
2                THE COURT:  All right.  Well, do you want time
3    to think about it or do you not want time to think about it?
4                MS. RYNELL:  I mean I think we're really opposed
5    to it.
6                THE COURT:  Let me give you my rulings then.
7                On the issue of whether it's going to be one-way
8    or two-way prosecution bar, I agree with the defendants in
9    this case.  I think they've met their burden.  I think given
10   the nature of the parties here, the expiration of the patents
11   and what seems to be the very likely disproportionate burden
12   on the defendants given who is likely going to have documents
13   and the other issues that have been discussed including issues
14   about the definition, I'm persuaded to apply the bar as the
15   defendants propose.
16               However, on the second issue about reexams, I'm
17   going to agree with the plaintiffs there and exclude the
18   reexams, again, pretty much for the reasoning that the
19   plaintiffs have offered.  Given the nature of a reexam, I'm
20   less concerned with the issues that the defendants are
21   raising so I'm going to exclude the reexams.
22               Given that I have not documented either side's
23   proposal in whole, I would like to be able to sign a clean
24   copy of the protective order.  So I hereby direct that the
25   plaintiff, on behalf of both parties, submit a clean copy of

1  the protective order by Monday that incorporates the rulings
2  that I have just given.
3           Are there any questions about that from United?
4           MS. RYNELL:  No, your Honor.
5           THE COURT:  And from Frontier?
6           MS. MARBUTT:  No, your Honor.
7           THE COURT:  All right.  Thank you very much.
8  We'll look for your submission on Monday.  Good-bye.
9           (Telephone conference ends at 10:32 a.m.)
10
11       I hereby certify the foregoing is a true and accurate
   transcript from my stenographic notes in the proceeding.
12
13                    /s/ Brian P. Gaffigan
                      Official Court Reporter
14                      U.S. District Court
15
16
17
18
19
20
21
22
23
24
25