## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED ACCESS TECHNOLOGIES, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 11-341-LPS |
| | : | |
| FRONTIER COMMUNICATIONS | : | |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

Stamatios Stamoulis and Richard C. Weinblatt, STAMOULIS & WEINBLATT LLC, Wilmington, DE

Michael W. Shore, Alfonso Garcia Chan, and Jennifer M. Rynell, SHORE CHAN DEPUMP LLP, Dallas, TX

      Attorneys for Plaintiffs.

Philip A. Rovner and Jonathan A. Choa, POTTER, ANDERSON & CORROON LLP, Wilmington, DE.

David M Maiorana, JONES DAY, Cleveland, OH

Olivia E. Marbutt, JONES DAY, Atlanta, GA

      Attorneys for Defendant.

### MEMORANDUM OPINION

September 30, 2016
Wilmington, Delaware

**STARK, U.S. District Judge:**

# I.   BACKGROUND

## A.   The Present Case

On April 15, 2011, Plaintiff United Access Technologies, LLC ("United Access" or "Plaintiff") filed this lawsuit against Defendant Frontier Communications Corporation ("Frontier" or "Defendant") alleging infringement of U.S. Patent Nos. 5,844,596 ("the '596 patent"), 6,234,446 ("the '446 patent"), and 6,542,585 ("the '585 patent"). (D.I. 1) The patents-in-suit relate to industry-standard ADSL. Industry-standard ADSL involves communications between two modems: a modem at a customer's home, and a modem belonging to the telephone company. The modem at the telephone company (called a "DSLAM") can be located in either a central office (CO-ADSL) or a remote terminal (RT-ADSL).

## B.   The *EarthLink* Case and Summary Judgment on Damages

At the time this litigation was filed, United Access's predecessors-in-interest ("Inline" or "the *EarthLink* plaintiff") had already asserted the '596, '446, and '585 patents in another litigation, *Inline Connection Corporation v. EarthLink*, C.A. No. 1:02-cv-00272-MPT (D. Del) (the "*EarthLink* case"). In the *EarthLink* case, defendants AOL and EarthLink jointly moved for partial summary judgment on damages, arguing that, because Inline (United Access's predecessor-in-interest to the patent-in-suit) had failed to mark patented products, damages should be limited pursuant to 35 U.S.C. § 287(a).

In 1996, Inline had granted CAIS a license[1] to U.S. Patent No. 5,0101,399 (the "'399

---

[1]The original license was an exclusive license. *Inline*, 465 F. Supp. 2d at 318. The parties renegotiated the agreement to be a non-exclusive license in 2001. *Id.* at 319.

patent"), as well as three then-pending patent applications and "all other patents and applications based on the identical disclosure." *Inline*, 465 F. Supp. 2d at 318. One of these applications gave rise to the '596 patent, and the '596 patent and '399 patent gave rise to the '446 and '585 patents, such that the CAIS license agreement covers all of the patents-in-suit. The *EarthLink* court granted summary judgment on the grounds that Inline was not entitled to pre-suit damages, finding that Inline had an obligation to mark under 35 U.S.C. § 287(a), but had not marked as of the date the *EarthLink* lawsuit was filed (June 4, 2002). *See Inline Connection Corp. v. AOL Time Warner Inc.*, 465 F. Supp. 2d 312, 318-21 (D. Del. 2006). The *EarthLink* case proceeded to trial, and a jury ruled in the *EarthLink* defendants' favor. The Federal Circuit summarily affirmed the judgment.

Frontier now moves for Judgment on the Pleadings (D.I. 72) on the grounds that the doctrine of collateral estoppel bars United Access's claim for pre-suit damages in this case.

## II.    LEGAL STANDARDS

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), alleging a failure to state a claim upon which relief can be granted, is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss. *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." A motion to dismiss requires a court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). Thus, a court may

2

grant a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

The Court may consider matters of public record, and authentic documents upon which the complaint is based if attached to the complaint or as an exhibit to the motion. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). The Court may also take judicial notice of the factual record of a prior proceeding. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988). Ultimately, a motion for judgment on the pleadings can be granted "only if no relief could be afforded under any set of facts that could be proved." *Turbe*, 938 F.2d at 428.

## III.   DISCUSSION

Frontier contends that the doctrine of collateral estoppel precludes a judgment in favor of United Access on the issue of marking. Regional circuit law applies. *See e.Digital Corp. v. Futurewei Technologies, Inc.*, 772 F.3d 723, 726 (Fed. Cir. 2014). In the Third Circuit, collateral estoppel applies where: "(1) the previous determination was necessary to the decision; (2) the identical issue was previously litigated; (3) the issue was actually decided in a decision that was final, valid, and on the merits; and (4) the party being precluded from relitigating the issue was adequately represented in the previous action." *Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461, 475 (3d Cir. 1997). Frontier argues that the *EarthLink* Court's summary judgment decision meets each of these requirements.

Section 287(a) of the Patent Act limits the damages that a patent owner may recover in an infringement action. A patent owner who fails to mark its products, or fails to require its

3

licensees to mark their products, cannot recover damages relating to infringement occurring prior to the date that the alleged infringer receives actual notice of the alleged infringement. *See* 35 U.S.C § 287(a) ("In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice."). The Federal Circuit has interpreted this language to allow a patentee to recover damages from the earlier of the time when it began marking products in compliance with § 287(a) and the time when the patentee gave an alleged infringer actual notice of its alleged infringement. *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993) ("In light of the permissive wording of the present statute, and the policy of encouraging notice by marking, we construe section 287(a) to preclude recovery of damages only for infringement for any time prior to compliance with the marking or actual notice requirements of the statute. Therefore, a delay between issuance of the patent and compliance with the marking provisions of section 287(a) will not prevent recovery of damages after the date that marking has begun.").

The *EarthLink* court granted summary judgment that Inline was not entitled to damages prior to the date it filed its lawsuit, because the court found that Inline's non-exclusive licensee sold products without proper marking. *Inline*, 465 F. Supp. 2d at 319-20. Thus, the *EarthLink* opinion is, like this motion, addressed to the issue of whether the owner of the patents asserted in this case (the '446 patent, the '596 patent, and the '585 patent) is barred from obtaining pre-suit damages due to a failure to mark. However, the issue in the *EarthLink* summary judgment order is not identical to the issue presented in this motion. In *EarthLink*, the issue was whether Inline

4

complied with § 287(a) by marking patented products prior to the filing of that lawsuit on June 4, 2002. *Inline*, 465 F. Supp. 2d at 314. The Court found that Inline's licensee, CAIS, did sell unmarked products prior to that date. *Id*. at 319-20. In this case, the issue is whether United Access and its licensees marked products between April 2005 and July 2009 (the period for which damages are sought in this lawsuit).

The difference in time periods at issue in the two cases is material because Inline's licensees could have, at some point between June 2002 and July 2009, begun to comply with the marking statute by "consistently mark[ing] substantially all" of their products. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998). Section 287(a) precludes recovery of damages for infringement only for the "time prior to compliance with the marking or actual notice requirements of the statute." *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993). Since the *EarthLink* court's determination that the patent-holder in this case failed to mark prior to 2002 does not foreclose the possibility that Inline and/or its licensees began marking prior to or during the damages period in this case, the *EarthLink* court's decision did not decide the issue of whether United Access might be eligible to obtain damages for this period.

Because the Court finds that the *EarthLink* court did not decide the identical issue presented in the pending case, the doctrine of collateral estoppel does not preclude United Access from arguing that it complied with 35 U.S.C. § 287 during the damages period relevant to this case. The Court thus need not reach the questions of whether the *EarthLink* Court's summary judgment decision was actually decided and necessary to the final judgment in that case, or whether United Access was adequately represented in *EarthLink*.

5

## IV.   CONCLUSION

The Court will deny Frontier's motion.